```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**KERRY LUCERO,**

                **Petitioner,**

        v.                              CASE NO.  08-3062-SAC

**DAVID McKUNE,**
**et al.,**

                **Respondents.**

### O R D E R

    This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF).  Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which the court finds should be granted.  Having examined the petition, the court finds as follows.

    Mr. Lucero claims he is being illegally detained beyond his lawful sentences.  In support, he alleges that on August 9, 1989, he was sentenced in Seward County District Court to concurrent terms for multiple offenses, and his controlling term was seven to twenty years.  On September 15, 1989, he was sentenced in a new case in the same court to a term of one to three years, to run consecutive to the prior sentences.  On May 5, 2001, he was released on conditional release, but violated conditions and was returned to prison.

    On November 23, 2004, petitioner filed a state habeas corpus petition pursuant to K.S.A. § 60-1501, which was denied without a hearing.  He appealed to the Kansas Court of Appeals (KCOA), which affirmed.  A Petition for Review was denied by the Kansas Supreme Court on November 6, 2007.

    Petitioner claims that the KDOC has improperly applied K.S.A. § 21-4608(f)(4) to lengthen his sentence.  He was informed by a Unit

Team Officer in response to his prison administrative grievance: "Your sentence is correct. Your consecutive sentences of 7 to 20 years, and 1 to 3 years gives you a '<u>total sentence of 8 to 23 years</u>'." He alleges this response was affirmed on administrative appeal. The district court and the KCOA that deteremined his 60-1501 petition also held his sentences were correctly aggregated to a controlling term of 8 to 23 years.

Mr. Lucero argues that the aggregated term of 8 to 23 years "is simply to compute" his sentence begins, parole eligibility, and conditional release dates. He complains that respondents treating his sentences as a term of 8 to 23 years is harsher punishment than was originally imposed by the sentencing courts. He claims the expiration date on both his consecutive sentences has been extended. He asserts respondents have violated his due process, double jeopardy, and equal protection rights; undermined the sentencing court's authority; violated the separation of powers doctrine; and subjected him to cruel and unusual punishment. Petitioner also asserts that respondents are not following <u>State v. Price</u>, 21 P.3d 1021 (Kan.App. 2001) in his case. He further argues that aggregating his sentences improperly robs each sentence of its separate identity, has increased his punishment, and violates his plea agreements. Petitioner claims that K.S.A. § 21-4608(f)(4) is unconstitutional.

The federal writ of habeas corpus "shall not extend to a prisoner unless" he is "in custody in violation of the Constitution or laws" of the United States. 28 U.S.C. § 2241(c)(3). The computation or aggregation of multiple state sentences by the KDOC and the effects of probation and parole violations on those

computations are matters governed by state statutes and regulations and the agency's interpretation of those state laws[1]. Questions of state law are not proper grounds for federal habeas corpus relief under Section 2241.  See Overturf v. Massie, 385 F.3d 1276, 1279 (10th Cir. 2004); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).  Petitioner's conclusory claims of constitutional violations are not supported by sufficient facts to show he is being illegally detained.  He shall be given time to show cause why this action should not be dismissed for failure to state a claim under Section 2241.

The court finds petitioner's motion for appointment of counsel should be denied at this time, without prejudice, since it does not appear that he states a claim.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that he is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to state a claim for federal habeas corpus relief.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED**.

Dated this 13th day of March, 2008, at Topeka, Kansas.

---

[1] Petitioner's claims were fully considered and reasonably determined in Lucero v. Cline, 157 P.3d 1129, 2007 WL 1461394 (Kan.App. May 18, 2007), review denied Nov. 6, 2007.

4

                                        s/Sam A. Crow
                                        U. S. Senior District Judge