IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KERRY LUCERO,

                Petitioner,

        v.                         CASE NO.  08-3062-SAC

DAVID McKUNE,
et al.,

                Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by Mr. Lucero while he was an inmate at the Lansing Correctional Facility, Lansing, Kansas.  Upon initial screening, the court entered an Order finding petitioner's claims involve matters of state law only, and thus are not grounds for relief under 28 U.S.C. § 2241.  Petitioner was given the opportunity to show cause why this action should not be dismissed for failure to state a claim for federal habeas corpus relief.  He has filed a Response (Doc. 6) and a Supplement to his Response (Doc. 7).  Having considered all the materials in the file, the court finds for reasons stated herein and in the court's prior Order that no claim is stated, and this action must be dismissed.

## PETITIONER'S CLAIMS

In its initial Order, this court summarized petitioner's legal

1

claims as that respondents have violated his due process, double jeopardy and equal protection rights; violated the separation of powers doctrine; and subjected him to cruel and unusual punishment. It summarized his arguments as that the state statute providing for aggregation, K.S.A. § 21-4608(f)(4)[1], is unconstitutional; and that aggregating his sentences has robbed each sentence of its separate identity, increased his punishment, and violated his plea agreements.

The court advised petitioner that the "computation or aggregation of multiple state sentences by the KDOC and the effects of probation and parole violations on those computations are matters governed by state statutes and regulations," and that "questions of state law are not proper grounds for federal habeas corpus relief" under § 2241. The court further found petitioner's claims of constitutional violations were conclusory and not

---

[1]    K.S.A. 21-4608(f) specifically pertains to multiple sentences. It begins that "in calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply." Subsection (4), which petitioner alleges was applied to him, provides:

> When indeterminate sentences are imposed to be served consecutively to sentences previously imposed in any other court or the sentencing court, the aggregated minimums and maximums shall be computed from the effective date of the subsequent sentences which have been imposed as consecutive. For the purpose of determining the sentence begins date and the parole eligibility and conditional release dates, the inmate shall be given credit on the aggregate sentence for time spent imprisoned on the previous sentences, but not exceeding an amount equal to the previous minimum sentence less the maximum amount of good time credit that could have been earned on the minimum sentence. For the purpose of computing the maximum date, the inmate shall be given credit for all time spent imprisoned on the previous sentence . . . .

Id.

supported by sufficient facts to show his continued detention is illegal.

## FACTUAL BACKGROUND

On August 9, 1989, Mr. Lucero was sentenced in Case No. 89-CR-10 in Seward County District Court for offenses committed in August, 1988.  On September 15, 1989, he was sentenced in Case No. 89-CR-138 in the same court for an offense committed in April, 1989.  He was eventually conditionally released from prison and violated conditions of his release, but does not provide the dates of his release or return[2].

Upon his return to prison, petitioner sought administrative relief on his claim.  He was informed by a Unit Team Officer in response to his prison administrative grievance: "Your sentence is correct.  Your consecutive sentences of 7 to 20 years, and 1 to 3 years gives you a 'total sentence of 8 to 23 years'."  He alleges this response was affirmed on administrative appeal.

On November 23, 2004, petitioner filed a motion under K.S.A. § 60-1501 seeking relief in state court, which was denied without

---

[2]     KDOC offender information available on-line showed Mr. Lucero's "Physical Location History" at the time this action was filed, and indicated he was conditionally released on May 4, 2001, was returned to custody in June 2002 on a conditional release violation; and was paroled in August 2003, but returned to custody in May 2004 due to a technical parole violation.

a hearing[3].  He appealed to the Kansas Court of Appeals (KCOA), which affirmed.  The district court and the KCOA determined his sentences were correctly aggregated to a controlling term of 8 to 23 years.  See Lucero v. Cline, 157 P.3d 1129, 2007 WL 1461394 (Kan.App. May 18, 2007, Table), rev. denied (K.Sup.Ct. Nov. 6, 2007).

The facts regarding Mr. Lucero's multiple convictions and sentences are summarized in the unpublished opinion of the KCOA:

> Kerry Lucero was convicted in Case No. 1 of aggravated battery with a sentence of 4-10 years; aggravated robbery with a sentence of 7-20 years; and kidnapping with a sentence of 7-20 years.  His sentences for these crimes ran concurrently with each other.  That same year Lucero was convicted of a drug crime in Case No. 2 and was sentenced to 1-3 years, to be served consecutive to his sentence in Case No. 1.  Lucero's sentences were aggregated to a sentence of 8-23 years.
>
> Lucero was placed on conditional release in 2001, but was returned to prison as a technical parole violator in 2004.  Upon his return to prison, Lucero filed a K.S.A. 60-1501 motion arguing that the KDOC unconstitutionally and illegally aggregated his consecutive sentences to 8-23 years.  The district court summarily dismissed Lucero's petition, finding that his maximum discharge date was correctly calculated pursuant to K.S.A. 21-4608. The court further found that K.S.A. 21-4608 is not unconstitutional and does not constitute cruel and unusual punishment.

---

[3]      "[T]he Leavenworth district court dismissed Mr. Lucero's Petition. It found that Anderson v. Bruce, 274 Kan. 37, 50 P.2d 1 (2002), and Price v. Simmons, 31 Kan. App. 2d 631, 71 P.2d 1164 (2002), were controlling case law . . . adverse to Mr. Lucero's position . . . . (R. I, 88-89.)  The court held that the legislative intent was for consecutive sentences to be aggregated for the purpose of determining the time to be served on those sentences.  (R. I, 88.) It also found that following the legislature's intent in creating the statute at issue was not unconstitutional or cruel and unusual punishment.  (R. I, 90.)" Lucero v. Cline, 2006 WL 3087879 at *4 (Kan.App.)(Amended Brief of Appellant, Aug. 25, 2006).

<u>Lucero v. Cline</u>, 157 P.3d 1129, at * 1.


**PETITIONER'S RESPONSES**

In his responses to this court's Order to show cause, Lucero mainly rephrases and reargues his claims in an attempt to convince that they are not simply state law questions.  He contends that "his claim is not regarding the state statutes governing computations or against the agency's interpretation of state law," but repeats his assertion that § 21-4608(f)(4) is unconstitutional as applied to him[4]. He complains that by application of § 21-4608(f)(4), respondents have taken his two distinct consecutive state sentences and "reformulated them" into an aggregate sentence. He states his claim is that the application "negates the separate nature of his consecutive sentences" forcing him to serve them "simultaneously," and is unconstitutional "because he is forced to serve a longer sentence than . . . prescribed by law" and subjected to harsher punishment than ordered by the sentencing courts.

Petitioner also attempts to support his claim that the aggregation of his sentences violates the plea agreements in his cases.

---

[4]     Petitioner cites Fed.R.Civ.P. Rule 24 and 28 U.S.C. § 2403, and suggests they are additional legal authority permitting his claim in federal court that a state statute is unconstitutional.  However, both these statutes govern intervention in an action by a non-party, such as the United States or its agencies.  Neither provides any authority for petitioner to proceed on his claim in federal court.

**LEGAL STANDARDS**

The federal writ of habeas corpus "shall not extend to a prisoner unless" he is "in custody in violation of the Constitution or laws" of the United States. 28 U.S.C. § 2241(c)(3). It follows that questions of state law are not proper grounds for federal habeas corpus relief under Section 2241. See Overturf v. Massie, 385 F.3d 1276, 1279 (10th Cir. 2004); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). The calculation of the release date of a state inmate is the responsibility of the KDOC. McKinney v. State, 27 Kan.App.2d 803, 9 P.3d 600 (Kan.App. 2000). State statutes in Kansas provide how the KDOC is to calculate multiple sentences. This federal court does not sit to correct errors of state law and is bound by a state court's interpretation of its own law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2241(c)(3). Furthermore, "[a]lthough we analyze [petitioner's] claim under § 2241, we still accord deference to the [state court's] determination of the federal constitutional issue." Henderson v. Scott, 260 F.3d 1213, 1215 (10th Cir. 2001)(citing 28 U.S.C. § 2254(e)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

**DISCUSSION**

No matter how many times and ways Mr. Lucero repeats and

rephrases his arguments, his claim amounts to nothing more than his belief that aggregation of his two separate state sentences is unlawful.  He does not allege that any earned sentence credit has been forfeited without due process or that credit toward service of his aggregated term has been miscalculated.  Instead, he simply argues that aggregation in and of itself is illegal.  Thus, his only claim to earlier release is that his sentences may not be treated as aggregated, and must instead be treated as distinct, separate sentences.

The court rejects petitioner's contrary arguments and concludes that his claims involve matters of state law only.  Such claims do not present a valid legal basis for federal habeas corpus relief.

The court also rejects petitioner's main underlying premise, that aggregation is illegal and unconstitutional.  The Kansas criminal sentencing scheme expressly provides for the aggregation of consecutive indeterminate sentences.  See K.S.A. § 21-4608(f)(4).  The state statutory provisions have withstood constitutional challenge in the state courts.  As the court previously noted, petitioner's claims were fully considered and reasonably determined in Lucero v. Cline, 157 P.3d at 1129.  Therein, the highest court of Kansas rejected petitioner's constitutional challenges to § 21-4608(f)(4) and his preferred method of sentence computation.  In denying petitioner's claims,

the state courts relied upon <u>Anderson</u>, 274 Kan. at 37, where the Kansas Supreme Court upheld the KDOC's authority to aggregate consecutive sentences under § 21-4608(f)(4).  The court in <u>Anderson</u> reasoned that any extension of conditional release, or maximum dates "is a direct result of the individual's commission" of an additional offense and "does not increase defendant's punishment for the prior offense." <u>Id</u>. at 46.  They also found the fact that each of the sentences must retain its individual identity did not entitle Anderson to have his maximum release date recalculated after service of the maximum time on the first offense. <u>Id</u>. at 50. The determination of petitioner's claims by the state courts is entitled to deference by this federal district court.  Petitioner utterly fails to identify how these state court decisions violate his federal constitutional rights.

The court also rejects petitioner's more specific arguments. Petitioner has argued that he could only have been released on conditional release if his first sentence expired, and thus his release was on his second sentence only.  He has also made the contrary argument that he must have been discharged from his second, shorter sentence because he was somehow serving it concurrent with his longer one[5].  However, he hints at no legal

_____

[5]     He appears to argue, as he did in state court, that he "reached his conditional release date" on his 7 to 20 year sentence ten years after his sentence-begins date, which was on August 9, 1999; and that service of his 1 to 3 year sentence must have begun at that time.  He thus argues that when he was returned to prison as a result of his parole violation, "his sentence was no longer" an aggregated 8 to 23 year term, and only his 1 to 3 year sentence

authority or convincing argument for either of these faulty premises. The fact that petitioner was conditionally released does not prove that either of his sentences was discharged. Even though Lucero was released on conditional release, neither of his sentences would be satisfied until he was either discharged by the KPB or the maximum term had been reached[6]. See K.S.A. § 22-3718, K.S.A. § 22-3722.

Mr. Lucero argues that the aggregated term of 8 to 23 years "is simply to compute" his sentence begins, parole eligibility, and conditional release dates, and claims the expiration dates on both his consecutive sentences have been improperly extended. Section 21-4608(f)(4) is not shown to have changed the length of petitioner's lawful sentences in any way. See Henderson, 260 F.3d at 1217. His two consecutive sentences with maximums of 20 and 3 years, respectively, total 23 years[7], and were not lengthened by

---

remained. He also has argued that only his 7 to 20 year sentence remained when he was returned to prison, "because the ten (10) years left satisfied the operation of the one (1) to three (3) year sentence."

[6]    Offenders are not discharged from a previous sentence merely because they reach their conditional release date. An inmate who is conditionally released is subject to rules and conditions set by Kansas Parole Board until the expiration of the maximum term of the inmate's sentence, or until the inmate is otherwise discharged. K.S.A. § 22-3718. When an inmate on parole or conditional release has performed the obligations of the inmate's release and KPB determines discharge is warranted, the board may issue a final order of discharge along with a certificate of discharge. K.S.A. § 22-3722. "Any offender whose conditional release has been revoked may be required by the board to serve all or any part of the remaining time on the sentence." K.A.R. 45-500-3(a)(2).

[7]    As the State noted in its Appellee's Brief to the KCOA, Mr. Lucero's computation argument "that his first sentence expired after service of ten years on a seven-to-twenty-year sentence," would result "in a sentence of half of what the sentencing court imposed." Lucero, 2006 WL 2631208 at *5-*6 (Kan.App.)(Brief of Appellees, Jul. 28, 2006).

being aggregated into a term with a maximum of 23 years.  Upon aggregation of petitioner's sentences, the time required for conditional release eligibility for his second sentence was added to the time required on the prior.  Thus, the aggregation of his sentences may have operated to extend his conditional release eligibility date, but not his sentences.  No state or federal law is cited providing that petitioner is entitled to maintain his original conditional or maximum release dates on the first of his multiple, consecutive sentences.  He is not entitled to have his aggregated multiple sentences computed in accord with state laws governing individual sentences.

The court further concludes that petitioner's factual allegations otherwise fail to state a claim for federal habeas corpus relief.  In effect, petitioner's allegations are nothing more than his wish that his time would be calculated with conditional release dates for each individual sentence, rather than one new date based upon the aggregated term.  His assertions that failure to calculate his sentences in this way violates the federal Constitution are completely conclusory.  It is well-established that courts may constitutionally impose consecutive sentences for completely distinct and separate offenses.  See O'Neil v. Vermont, 144 U.S. 323, 331 (1892)("[i]f [the defendant] has subjected himself to a severe penalty, it is simply because he committed a

---

10

great many such offenses"). Petitioner provides no factual allegations demonstrating an equal protection violation[8], a lack of procedural or substantive due process[9], or other federal constitutional violation[10].

The court notes in passing that petitioner has filed a Notice of Change of Address (Doc. 8) and appears to have been released from prison. While his release from prison may moot his claim for immediate release, it did not moot his claim, raised in this Petition filed before his release, that he was held beyond his lawful sentences. However, the court finds that claim to be completely without factual or legal support.

## VIOLATION OF PLEA AGREEMENTS

Before this and the state courts, petitioner made the

---

[8]     Petitioner has alleged no facts whatsoever indicating a denial of equal protection. He does not state that the multiple sentences of other similarly situated prisoners are being calculated other than pursuant to K.S.A. 21-4608(f)(4).

[9]     Mr. Lucero had no legitimate expectation under state law that his multiple sentences and any parole violator term would not be aggregated. Nor did he have any legitimate expectation, particularly after he violated conditional release, that his 1989 sentence would be fully discharged in 1999.

[10]     Petitioner alleges no facts in support of his separation of powers argument. The State court has clearly rejected this legal claim in another case:

> The KDOC is not usurping the powers of the judicial branch by aggregating Holloway's consecutive sentences. The district court imposed Holloway's sentences. The KDOC's aggregation of Holloway's consecutive sentences did not change the sentence imposed. The KDOC's power to aggregate consecutive sentences does not violate the separation of powers doctrine so as to render K.S.A. 21-4608 unconstitutional.

**Holloway v. Cline**, 154 P.3d 557, at *2 (Kan.App. Mar. 30, 2007)(Table), rev. denied (Kan.Sup.Ct. Sep. 27, 2007).

11

conclusory claim that aggregation of his sentences violated his plea agreements. As additional support for this claim, he now exhibits copies of journal entries entered regarding the plea agreements in each of his cases. These exhibits provide no proof that his plea agreements were violated when the KDOC aggregated his sentences pursuant to state law.

The first exhibited journal entry is dated May 5, 1989, and relates only to his offenses in Case No. 89-CR-10. It provides for the agreed-upon amendment of two charges and dismissal of a fourth charge. No mention is made of any agreement concerning petitioner's later offenses, and aggregation with any future sentences is not prohibited. Thus, petitioner's claim that aggregation of his sentences violated this plea agreement is refuted by his own exhibit of the court's order on the plea agreement. The "Journal Entry of Plea" in Case No. 89-CR-138 exhibited by petitioner also provides for the amendment of the charge against petitioner, and contains no agreement that the Kansas aggregation statute will not apply. In any event, petitioner still has failed to allege any facts supporting this claim, in that he does not describe an express provision in either of his plea agreements and explain how it was violated.

For all the foregoing reasons and for the reasons stated in the court's prior screening Order dated March 13, 2008, the court finds petitioner has not stated a claim for federal habeas corpus

relief.   It concludes that, as a result, this action must be dismissed and all relief denied.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for failure to state a claim under 28 U.S.C. § 2241.

**IT IS SO ORDERED**.

Dated this 3rd day of March, 2009, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge