IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KERRY LUCERO,**

                **Petitioner,**

        v.                       CASE NO.  08-3062-SAC

**DAVID McKUNE,**
**et al.,**

                **Respondents.**

**O R D E R**

This action was dismissed and all relief was denied on March 3, 2009. Petitioner filed a Notice of Appeal (Doc. 11), and the court gave him time to satisfy the statutory appellate filing fee requirements. Petitioner has since sent correspondence to the clerk, which the court treats as petitioner's "Request for a Certificate of Appealability." Therein, petitioner correctly notes that since he is a state prisoner, he is required to obtain a certificate of appealability.

Pursuant to 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, Title 28 U.S.C., this appeal may not proceed unless a district judge or circuit judge issues a certificate of appealability (COA). Under Section 2253(c), a COA may issue only upon the "substantial showing of the denial of a constitutional right." This standard for granting a COA is the same as set out by the Supreme Court in <u>Barefoot v. Estelle</u>, 463

1

U.S. 880 (1983).  Slack v. McDaniel, 529 U.S. 473, 483 (2000). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings.  See Barefoot, 463 U.S. at 893, FN4.  For the reasons stated in the court's Memorandum and Order dated March 3, 2009, the court finds petitioner has not demonstrated that the issues are "debatable among jurists of reason."  Accordingly, this court declines to issue a certificate of appealability.

Also attached to this correspondence is a copy of petitioner's Motion for Leave to Proceed in forma pauperis, which was filed in this action and granted on March 13, 2008.  Petitioner apparently intends for this to be filed as his Motion to proceed in forma pauperis on appeal.  Although, it would have been more appropriate for petitioner to file a new Motion specifying he was seeking in forma pauperis status on appeal and clearly stating that the motion was submitted for filing as such, the court will treat this copy as petitioner's "Motion for Leave to Proceed in forma pauperis on Appeal" because it was submitted in response to the court's order requiring petitioner to satisfy the appellate filing fee.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides in pertinent part:

> Prior Approval: A party who was permitted to proceed in forma pauperis in the district-court action . . . may

>    proceed on appeal in forma pauperis without further
>    authorization, unless:
>         (A) the district court-before or after the notice of
>    appeal is filed-certifies that the appeal is not taken in
>    good faith or finds that the party is not otherwise
>    entitled to proceed in forma pauperis . . . ."

Id.  Accordingly, the court finds that petitioner is allowed to proceed in forma pauperis on appeal[1].

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis on Appeal (Doc. 20) is granted, and that petitioner's Request for a Certificate of Appealability (Doc. 19) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[1] Mr. Lucero must prepare a motion for appointment of counsel to represent him on appeal, and submit the motion for filing if he wishes to have such a motion considered. The copy attached to his letter of a motion that has already been denied is not treated as a motion for counsel on appeal.

3