# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KERRY LUCERO,**

 **Petitioner,**

 v.              CASE NO. 08-3062-SAC

**DAVID McKUNE, Warden,**
**Lansing Correctional Facility, et al.,**

 **Respondents.**

## ORDER

  This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court denied the petition for writ of habeas corpus on March 3, 2009, finding that Petitioner's claims actually only involved issues of state law and therefore did not present a valid legal basis for federal habeas corpus relief. (Doc. 9.) The Court also noted that Petitioner's "release from prison may moot his claim for immediate release, [but] it did not moot his claim, raised in this Petition filed before his release, that he was held beyond his lawful sentences." *Id*. at 11. On March 31, 2009, Petitioner filed a Notice of Appeal (Doc. 11) as to this Court's Order (Doc. 9) and Judgment (Doc. 10). Petitioner requested a certificate of appealability ("COA") to allow him to appeal from this Court's denial of his petition.

  On August 4, 2009, the Tenth Circuit Court of Appeals entered an Order Denying Certificate of Appealability (Doc. 23). The Tenth Circuit found that "[s]ince Mr. Lucero has been released from custody, he has already received his requested relief, and there is simply 'nothing for us to remedy.'" *Id*. at 5 (citation omitted). The Tenth Circuit held that Petitioner's "release from detention moots his challenge to the legality of his [imprisonment]." *Id*. (citation omitted). The Tenth Circuit denied Petitioner's motion for a COA as moot, dismissed the

appeal, vacated this Court's judgment, and remanded to this Court "with instructions to dismiss without prejudice the underlying case as moot." *Id*. On November 3, 2009, this Court entered an Order (Doc. 24) and Judgment (Doc. 25) dismissing this action without prejudice per the instructions on remand from the Tenth Circuit.

On May 20, 2019, Petitioner filed a Motion to Correct Under Rule 60(b) (Doc. 26), arguing that his case was not moot. (Doc. 26, at 3.) Plaintiff argues that the Tenth Circuit erred and "took an unduly restrictive view of Petitioner's claims to find them moot." *Id*. at 4. Petitioner alleges that this "error" by the Tenth Circuit precluded review of this Court's decision on the merits. Petitioner then argues that this Court's decision that a federal right was not involved was in error and he proceeds to argue the merits of his underlying habeas petition. Petitioner argues that he is not necessarily entitled to relief, but that he was denied his entitled adjudication. *Id*. at 6. "Petitioner merely asks this Honorable Court to vacate its earlier procedural denial and to address the merits under the correct standard of law." *Id*. at 7.

This Court has previously held that:

> The mandate rule "is a discretion-guiding rule that generally requires trial court conformity with the articulated appellate remand." *United States v. Hicks*, 146 F.3d 1198, 1200 (10th Cir. 1998). It provides that a district court must strictly comply with the mandate of the reviewing court. "A lower court is 'bound to carry the mandate of the upper court into execution and [cannot] consider the questions which the mandate laid at rest.'" *Estate of Cummings by and through Montoya v. Community Health Systems, Inc.*, 881 F.3d 793, 801 (10th Cir. 2018). The court is to look to the mandate for any limitations on the scope of remand and, in the absence of such limits, exercise its discretion in determining the appropriate scope. *Dish Network Corp. v. Arrowood Indem. Co.*, 772 F.3d 856, 864 (10th Cir. 2014) (citation omitted).
> The law of the case doctrine, by contrast, provides that when a court rules on an issue of law, the ruling should continue to govern the same issues in subsequent stages in the same case. *Vehicle Market Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d

> 1251, 1256 (10th Cir. 2016) (citation omitted). After an appeal, the decision of the appellate court establishes the law of the case and ordinarily will be followed on remand, with the principle applicable to all issues previously decided, either explicitly or by necessary implication. *Id.* (citing *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (internal quotation marks omitted)).

*Northern Nat'l Gas Co. v. Approximately 9117.53 Acres in Pratt, Kingman*, Case No. 10-1232-JTM, 2018 WL 1138284, at *2–3 (D. Kan. March 2, 2018).

This Court's Order and Judgment (Docs. 24, 25) were entered after remand with instructions from the Tenth Circuit Court of Appeals. This Court is bound by orders from the Tenth Circuit. Petitioner has not suggested that he obtained relief from the Tenth Circuit's August 4, 2009 Order. Because this Court is bound by the remand order from the Tenth Circuit, Petitioner's request for relief from this Court's order is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Correct Under Rule 60(b) (Doc. 26) is **denied.**

**IT IS SO ORDERED**.

Dated this 19th day of June, 2019, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U. S. Senior District Judge**